<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AARON THOMAS,** : | |
| : | **Civil Action No. 14-6443 (ES) (JAD)** |
| **Plaintiff,** : | |
| v. : | **OPINION** |
| : | |
| **JAMES BRIGGS, et al.,** : | |
| **Defendants.** : | |

**SALAS, DISTRICT JUDGE**

Plaintiff Aaron Thomas, a pre-trial detainee confined at Passaic County Jail in Paterson, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (D.E. No. 2). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint may proceed in part.

## I.      BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Joseph Del Russo; James Briggs; Steve Batte; James Stolz; Michael Fertitta; Salvatore Calafiore;

Judge Andrea Tombeno; Judge Raymond Reddin; John Dmuchowski;[1] Lisa Squitieri; William J.

Rohr;[2] Judge Gooden Brown; Judge Donna Gallucio; Judge Randal C. Chiocca; Michael Tolerio;[3]

Camelia Valdes and Judge Madeleine Clark.   The following factual allegations are taken from the

Complaint, and are accepted for purposes of this screening only.   The Court has made no findings

as to the veracity of Plaintiff's allegations.

On October 28, 2012, Plaintiff alleges that he was shopping at a Target store in Allentown,

Pennsylvania when he was "arbitrarily pursued" by Defendants Detective Briggs of the Little Falls

Police Department, and Detectives Batte and Stolz of the Passaic County Prosecutor's Office.

(D.E. No. 4, Plaintiff's Certification and Memorandum of Points and Authorities ("Pl. Mov. Br.")

at 1).   The detectives were investigating a case involving a missing fifteen year old girl from Little

---

[1] Defendant Dmuchowski appears to be named purely because of his supervisory role.   (D.E. No.
1, Plaintiff's Complaint ("Compl.") at 12).   However, "[g]overnment officials may not be held
liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior
[and] a plaintiff must plead that each Government-official defendant, through the official's own
actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also
Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).   Therefore, the claims against Defendant
Dmuchowski will be dismissed without prejudice.

[2] Plaintiff names his public defender in his underlying criminal case, William Rohr, as a defendant
in this action.   Plaintiff alleges that Defendant Rohr has failed to properly defend him.   (Compl.
at 13).   However, public defenders are not "persons" within the meaning of 42 U.S.C. § 1983.
*See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender, although paid
and ultimately supervised by the state, "does not act under color of state law when performing the
traditional functions of counsel to a criminal defendant").   Therefore, all claims against Defendant
Rohr are dismissed with prejudice.

[3] Plaintiff briefly references Defendant Tolerio, Warden of Passaic County Jail.   He alleges that
Warden Tolerio had the "power and duty to restrain the defendants" but he refused to do so.
(Compl. 14).   However, it is unclear what "power" Warden Tolerio had over the other named
Defendants, which consist of prosecutors, prosecutors' office detectives, and judicial officials.
Moreover, none of the allegations are related to Passaic County Jail.   Therefore, any intended
claims against Warden Tolerio will be dismissed without prejudice under *Iqbal*, 556 U.S. at 678,
as discussed more fully below.

Falls, New Jersey.   (*Id.*).   The detectives located the girl at the Target store through a "cell phone

trace wiretap" they conducted under the authority of a warrant issued by Passaic County Superior

Court Judge Marilyn Clark.   (*Id.*).   Plaintiff alleges that he was "abducted" by these detectives

for merely being in the presence of the missing girl and taken to an empty room at Target where

he was interrogated for hours.   (*Id.*).

Pennsylvania State Troopers eventually arrived and executed a "warrantless false arrest,"

taking Plaintiff into custody.   (*Id.* at 2).   After being held in Pennsylvania jails for a couple of

days, Plaintiff was "kidnapped" by Defendants Briggs and Detective Fertitta and brought to

Passaic County New Jersey pursuant to an arrest warrant for sexual assault, interference with

custody, endangering the welfare of a child, and luring.   (*Id.* at 8; D.E. No. 6-1, Passaic County

Prosecutor's Office Preliminary Investigation Report).   On April 23, 2013, Plaintiff was indicted,

and he is now awaiting trial in Passaic County criminal court.   (*Id.* at 13).

Plaintiff is seeking monetary relief, as well as an injunction to prevent "retaliation" by

unidentified defendants.   (Compl. ¶ 7).

## II.      Legal Standard

### A.  Standards for Sua Sponte Dismissal

According to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those

civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),

seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.   The PLRA directs district courts

to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as an indigent.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

4

proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed or caused by a person acting under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III.   Discussion

#### A.  Illegal Search and Seizure

Plaintiff alleges a claim for illegal seizure against Defendants Briggs, Batte, and Stolz for holding him against his will at the Target store.   Plaintiff also alleges a claim for illegal search against Defendant Briggs when he searched Plaintiff and his car without a warrant.   Specifically, Plaintiff alleges that after Defendants Briggs, Batte, and Stolz approached him in Target, Defendant Briggs "compelled" Plaintiff to surrender his identification.   (Pl. Mov. Br. ¶ 5).   After Plaintiff informed the detective that he did not have his identification, Detective Briggs searched Plaintiff's pockets without consent.   (*Id.*).   The detective then "coerced" Plaintiff into telling him where the vehicle was located so he could search the vehicle.   (*Id.*).   Thereafter, Plaintiff was brought to a room in Target and questioned for "several hours" by the detectives.   (*Id.* ¶ 6).

With regard to Plaintiff's detention at Target and subsequent questioning, the right at issue is the Fourth Amendment's protection against "unreasonable searches and seizures."   U.S. Const. amend. IV.   "Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places." *United States v. Drayton*, 536 U.S. 194, 200 (2002); *see also Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions.").   To establish such a violation, Plaintiff must allege facts to show that the

officers lacked a reasonable basis to suspect that he "ha[d] committed, [was] committing, or [was] about to commit a crime." *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984).   Reasonableness is determined by "the totality of the circumstances, which can include [the individual's] location, a history of crime in the area, [the individual's] nervous behavior and evasiveness, and [the officers'] commonsense judgments and inferences about human behavior." *Johnson v. Campbell*, 332 F.3d 199, 206 (3d Cir. 2003) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 124–25 (2000)).

Here, Plaintiff was found with a missing fifteen year old girl from New Jersey at the time he was detained.   It is clear that the officers initially had a reasonable basis to suspect that Plaintiff was in the process of committing a crime and to detain him in a back room at the store.  *See Wardlaw*, 528 U.S. at 124–25; *Florida v. Royer*, 460 U.S. 491, 504–05 (1983) ("[T]here are undoubtedly reasons of safety and security that would justify moving a suspect from one location to another during an investigatory detention, such as from an airport concourse to a more private area.").   Whether it was reasonable to hold Plaintiff for several hours for questioning thereafter, however, is not as clear.  *Cf. Carrasca v. Pomeroy*, 313 F.3d 828, 837 (3d Cir. 2002) ("[I]t is unlikely that a reasonable police officer would believe that a *Terry* stop would justify detention under chains for several hours.").   It is obvious that at some point during the "several hours" of questioning, the detectives had probable cause to arrest Plaintiff because they were able to secure an arrest warrant.   However, at this early juncture of the case, with only the allegations of the Complaint to rely upon, the Court is unable to determine when the sufficient probable cause for arrest arose and whether Plaintiff's Fourth Amendment right was violated prior to that time.   As a result, the Court will allow the unlawful seizure claim to proceed against Defendants Briggs, Batte, and Stolz.

With regard to Plaintiff's claim for unlawful search of his person and vehicle, Plaintiff has

also pled sufficient facts to allow this claim to proceed past *sua sponte* screening against Defendant

Briggs.   "It is well settled under the Fourth and Fourteenth Amendments that a search conducted

without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few

specifically established and well-delineated exceptions."  *Schneckloth v. Bustamonte*, 412 U.S.

218, 219 (1973) (citation omitted).   Those exceptions include search incident to arrest, search

made in "hot pursuit," and search pursuant to consent. *Katz v. United States*, 389 U.S. 347, 357-

58.

Here, as discussed above, Plaintiff states that when the detectives first approached him at

Target, Detective Briggs asked for identification, and when Plaintiff informed him that it was in

his car, Detective Briggs searched him without consent.  (Pl. Mov. Br. ¶ 4).   When he did not

find any identification on his person, the detective went out into the parking lot and searched

Plaintiff's car, also without consent.   (*Id.* ¶ 5)   Although Plaintiff was later arrested pursuant to a

warrant, at the time of the searches, Detective Briggs did not have a warrant, nor was the search

conducted pursuant to a warrantless search exception. As also discussed above, while the

detectives had reasonable suspicion to initially detain Plaintiff, Plaintiff has sufficiently alleged a

lack of cause to conduct a warrantless search of his person and vehicle at that juncture.   As such,

Court will allow the unlawful search claim against Defendant Briggs to proceed past screening.

**B.  False Arrest**

Plaintiff alleges a claim for false arrest against Defendants Briggs, Batte, Stolz, Fertitta,

and Calafiore.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish:

(1) that there was an arrest; and (2) that the arrest was made without probable cause."  *James v.*

*City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012).   "Probable cause to arrest exists when

the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 2111 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted). An arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest. *See Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal citations omitted). Rather, a plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *Id.*

Here, Plaintiff was arrested by Defendants Briggs, Batte, and Stolz based on a warrant issued by Passaic County Judge Andrea Tombeno. (Pl. Mov. Br. at 6, ¶ 16). Plaintiff alleges no facts to support a claim that the warrant was obtained by use of false statements or material omissions. In fact, the probable cause used to obtain the warrant included the fact that Plaintiff was in the presence of the missing girl when the detectives found her at Target. Further probable caused existed because Plaintiff had been corresponding with the girl in previous weeks. Indeed, Plaintiff's cell number appeared on her phone records, and the detectives used the number and "pinged" the location of phone pursuant to a warrant.[4] (D.E. No. 6-2, Supporting Exhibits, Ex. 10,

---

[4] To the extent Plaintiff is challenging the issuance of the search warrant by Passaic County Judge Marilyn Clark on October 28, 2012, that claim also fails. The warrant was issued by Judge Clark to "ping" the locations for two phones numbers that showed up on the missing girl's phone records most frequently in the time leading up to her disappearance. The phone number, which later lead to locating the girl at Target, had exchanged over one thousand text messages with her during the month leading up to her disappearance. (D.E. No. 6-2, Supporting Exhibits, Ex. 1, Transcript of

Det. Briggs's Investigation Report).   At the time of the issuance of the arrest warrant, the detectives had also interviewed Plaintiff and the missing girl for several hours.   In short, the Judge had more than sufficient probable cause to issue the arrest warrant for Plaintiff.   Accordingly, the Court dismisses this claim without prejudice.

### C. Malicious Prosecution

Plaintiff alleges a claim for malicious prosecution against Prosecutors Squitieri, Valdes, Del Russo, Briggs, Batte, Stolz, Fertitta, and Calafiore.

To prevail on a malicious prosecution claim under § 1983, a "plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Plaintiff's malicious prosecution claim must fail as a matter of law because the criminal proceeding did not end in Plaintiff's favor.   In fact, as discussed above, Plaintiff's criminal proceeding is still ongoing.   Therefore, Plaintiff cannot state a claim for malicious prosecution at this time, and said claim will be dismissed without prejudice.[5]

---

Detective Briggs's Telephonic Warrant Application 12).   Based on said information, probable cause existed for the issuance of the search warrant.

[5]  To the extent Plaintiff intended to raise any other claims against the Prosecutor Defendants, those claims would also be dismissed.   "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).   The immunity afforded to prosecutors is very broad.   *See, e.g.*, *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1991) (absolute immunity for instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred); *Rose*, 871 F.2d at 345 & n.12 (same); *Kulwicki v. Dawson*, 969 F.2d

### D.  Judicial Immunity

Plaintiff has named Judges Donna Gallucio, Greta Gooden Brown, Randal Chiocca, Raymond Reddin, Andrea Tombeno and Marilyn Clark as Defendants.   It is well settled that judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts.  *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction") (citations omitted).   Additionally, "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'"   *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (quoting 42 U.S.C. § 1983).

There are only two circumstances in which a plaintiff can overcome judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (internal citations omitted).   In determining whether judicial immunity applies, the court "must decide whether the Complaint set forth allegations that, taken as true, establish that the application of an exception to

---

1454, 1464 (3d Cir. 1992) (initiating a prosecution without a good faith belief that any wrongdoing has occurred).

Here, all of the allegations against the Prosecutor Defendants relate to their involvement in Plaintiff's criminal prosecution, including bail hearings, probable cause hearings, and grand jury presentments.   As such, the Prosecutor Defendants are protected by absolute immunity.

the doctrine of absolute judicial immunity is above the speculative level." *Kirkland v. DiLeo*, 581 F. App'x 111, 114–15 (3d Cir. 2014) (internal citation omitted).

Here, Plaintiff alleges that Judge Donna Gallucio "refuse[d] to dispose of the fraud procured case # 12-06394C and indictment 130404271;" that Judge Greta Gooden Brown presided over his arraignment and refuse[d] to dispose of the fraud procured case # 12-6394;" that Judge Randal Chiocca "refuse[d] to dispose of the fraud procured case # 12-06394C and indictment 130404271;" that Judge Raymond Reddin set a bail amount of $500,000 on the "fraud procured NJ Complaint/Warrant CDR2;" that Judge Andrea Tombeno "sign[ed] as the judicial officer issuing warrant for Detective James Briggs #734 fraud procured warrant;" and that Judge Marilyn Clark improperly issued a "cell phone wiretap." (Compl. at 11-14; D.E. No. 3, Plaintiff's Motion to Supplement and Amend at 4).

All of these allegations relate exclusively to judicial actions. Issuing warrants, presiding over bail hearing, and conducting arraignments are plainly judicial acts, and these judges clearly had jurisdiction to undertake such actions. Because Judges Donna Gallucio, Greta Gooden Brown, Randal Chiocca, Raymond Reddin, Andrea Tombeno, and Marilyn Clark have absolute immunity for the judicial acts described in Plaintiff's Complaint, the Court dismisses the claims against these individuals with prejudice.

## IV.    CONCLUSION

For the reasons stated above, the unlawful seizure claim against Defendants Batte, Briggs and Stolz, and the unlawful search claim against Defendant Briggs will be permitted to proceed. All claims against Defendant Rohr and the Judicial Defendants are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2). All other claims are

dismissed without prejudice for failure to state a claim upon which relief may be granted.   An

appropriate Order follows.


_s/Esther Salas_
**Esther Salas, U.S.D.J.**